JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:22-cv-01621-JVS (ADSx) | Date | March 9, 2023 |
| Title | Nevine Fayek v. Costco Wholesale Corporation, et al | | |

| | |
|---|---|
| Present: The Honorable | **James V. Selna, U.S. District Court Judge** |

| | |
|---|---|
| Elsa Vargas | Not Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   **[IN CHAMBERS] Order Regarding Motion for Leave to File First Amended Complaint and to Remand [17]**

　　Plaintiff Nevine Fayek ("Fayek") moves for leave to amend her complaint against Defendant Costco Wholesale Corporation ("Costco") and, in light of her proposed amendment, moves to remand the case to state court. (Mtn., Dkt. No. 17.) Costco opposed the motion (Opp'n., Dkt. No. 20) and Fayek responded (Reply, Dkt. No. 21). Costco timely requested a hearing on this motion, asserting it had recently learned that Fayek was not living in California at the time she filed this action. (See Request for Hearing, Dkt. No. 28.) The Court heard argument on February 27, 2023 and ordered Fayek to submit a declaration regarding her place of residence on domicile. (See Dkt. No. 30.) Fayek submitted a declaration responding to the Court's request on March 5, 2023. (See Dkt. No. 31.)

　　For the following reasons, the Court **GRANTS** Fayek's motion for leave to amend and **GRANTS** Fayek's motion to remand.

### I. BACKGROUND

　　This case involves an alleged slip and fall accident on July 22, 2020 at a Costco store located in Laguna Nigel, California. (Mtn. 2.) On May 26, 2022, Fayek filed suit against Costco and "DOE Store Manager" in Orange County Superior Court, alleging premises liability and negligence. (Id.) On August 31, 2022, Costco removed the case to federal district court based on diversity jurisdiction and, on September 7, 2022, filed an answer to Fayek's complaint. (Id. 2-3.) Fayek asserts she recently learned that Connie Hoffman, a citizen of California, was the manager at the Costco store where the alleged

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:22-cv-01621-JVS (ADSx) | Date | **March 9, 2023** |
| Title | Nevine Fayek v. Costco Wholesale Corporation, et al | | |

incident took place. (Id. 3.) Fayek now seeks leave to amend her complaint to substitute Hoffman in place of DOE 1. (Id.) Because the addition of Hoffman would destroy diversity, Fayek additionally moves to remand the case to state court. (Id.)

## II. Legal Standard

### A. Amendment

Following the period when pleadings may be amended "as a mater of course," a party must request leave to amend from the Court. Fed. R. Civ. P. 15(a)(2). Courts "should freely give leave when justice so requires," applying the policy of amendment "liberally." Id.; Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990). However, when the proposed amendment would destroy diversity, courts apply the discretionary standard of 28 U.S.C. § 1447(e). ("[I]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."). In doing so, courts analyze several factors: (1) whether joinder is required under Rule 19(a); (2) whether the statute of limitations would preclude the plaintiff from filing an action against the non-diverse defendant if denied; (3) whether there was an unexplained delay in seeking joinder; (4) whether the motive for joinder was solely to defeat federal jurisdiction; (5) whether the claims against the non-diverse defendant appear valid; and (6) whether denying joinder would prejudice the plaintiff. See Clinco v. Roberts, 41 F. Supp. 2d 1080, 1081-82 (C.D. Cal. 1999); Newcombe v. Adolf Coors Co., 157 F.3d 686, 691 (9th Cir. 1998).

### B. Remand

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action from state court to federal court so long as original jurisdiction would lie in the court to which the action is removed. City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 163 (1997). According to the Ninth Circuit, courts should "strictly construe the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Doubts as to removability should be resolved in favor of remanding the case to the state court. Id. This "'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. (quoting Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   8:22-cv-01621-JVS (ADSx)    Date  **March 9, 2023**

Title   Nevine Fayek v. Costco Wholesale Corporation, et al

### III. DISCUSSION

    *A.  Amendment Seeking to Join a Non-Diverse Party*

Fayek moves to amend her complaint and join Hoffman as a party, which would result in destruction of complete diversity. As noted, in cases such as this, courts analyze multiple factors in weighing whether to join a non-diverse party. The Court will address each in turn.

    1.  Whether Joinder is Required by Rule 19(a)

When determining whether a non-diverse party may be added under Section 1447(e), courts utilize the joinder test under Rule 19. Fed. R. Civ. P. 19(a); IBC Aviation Srvs. v. Compania Mexicana de Aviacion, 125 F. Supp. 2d 1009, 1011. However, in doing so, courts remain cognizant that the Section 1447(e) standard is more permissive than the Rule 19 standard. Id. Rule 19 requires a party to be joined when, in that party's absence, "the court cannot accord complete relief among existing parties," or whose absence would impede their ability to protect their interests or would subject any of the parties to the danger of inconsistent obligations. Id.

Fayek asserts Hoffman is a required party under this standard because the alleged actions and omissions of Hoffman are the same as those alleged against Costco, and Fayek "should not be forced to litigate actions arising from the same incident in different forums." (Mtn. 6.) Additionally, Fayek alleges that Hoffman, as a store manager,[1] was responsible for maintaining the safety of the Costco premises, and did not do so. (Proposed FAC, Dkt. No. 17-2, Ex. D. ¶¶ 10-12.) Costco contends that Hoffman is "at most, tangentially related" to Fayek's claims because Hoffman "was working at the

---

[1] Costco contests the title and role of Hoffman, namely that at the time of the incident, she was an Assistant Front End Manager, rather than the Store Manager. (Opp'n. 7.) However, Fayek's proposed amended complaint names her as the Store manager. At this early stage in the litigation, the Court takes all allegations as true. While Costco may later prove that Hoffman was the Assistant Front End Manager at the time of the incident, rather than the Store Manager, for present purposes, such a distinction is immaterial for present purposes.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:22-cv-01621-JVS (ADSx) | Date | March 9, 2023 |
| Title | Nevine Fayek v. Costco Wholesale Corporation, et al | | |

subject warehouse at the time of the incident." (Opp'n. 7.) Therefore, Fayek's claims against Hoffman "are solely based on her employment with Costco." (Id.)

Indeed, Hoffman's only connection to this case is her employment with Costco, which courts have found is insufficient on its own to require joinder. See McGarth v. Home Depot USA, Inc., 298 F.R.D. 601, 608 (S.D. Cal. 2014); see also Kelly v. SMG Holdings, 2015 WL 13652713, at *6 (C.D. Cal. March 9, 2015) (Employees "are not generally deemed indispensable parties."). However, Hoffman's status as an employee does not automatically render her merely "tangentially related to the cause of action." IBC Aviation, 125 F. Supp. 2d at 1011-12. Moreover, the test for amendment under Section 1447(e) is a "less restrictive standard" than the test for joinder under Rule 19. Id., Negrete v. Meadowbrook Meat Co., 2012 WL 254039, at *3 (C.D. Cal. Jan. 25, 2012).

Costco additionally argues that this Court "can provide complete relief to [Fayek] without joinder of Ms. Hoffman because any theory of liability against her is based on the principals of respondeat superior." (Reply 8.) While Costco would be required to indemnify Hoffman for damages incurred while acting within the scope of employment, see Cal. Labor Code § 2802, this does not prevent a plaintiff from naming both a corporation and its employees in a complaint. In like circumstances, courts have found that Costco's potential to be both directly liable for its negligence and vicariously liable for the negligence of an employee supports a finding that the non-diverse employee may be added to the action. See, e.g., Trevino v. Costco Wholesale Corp., 2021 U.S. Dist. LEXIS 207424, at *4-5 (S.D. Cal., Oct. 27, 2021); Cordan v. Costco Wholesale Corp., 2021 U.S. Dist. LEXIS 122693, at *3 (C.D. Cal. June 30, 2021); Franco v. Costco Wholesale Corp., 2018 U.S. Dist. LEXIS 224311, at *6 (C.D. Cal. Oct. 30, 2018).

On balance, this factor weighs in favor of permitting Fayek to add Hoffman as a party.

        2.      Statute of limitations

The statute of limitations factor also weighs in favor of Fayek. Fayek alleges she suffered her injuries in July, 2020. (Mtn. 2.) She initially filed her complaint in state court on May 26, 2022, within the two-year statute of limitations. See Cal. Civ. Proc. Code § 335.1. As of the date of this order, the statue of limitations has expired.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:22-cv-01621-JVS (ADSx)     Date  March 9, 2023

Title  Nevine Fayek v. Costco Wholesale Corporation, et al

Therefore, this factor weighs in favor of granting Fayek's motion.

### 3. Unexplained Delay in Seeking Joinder

The third factor similarly weighs in favor of Fayek. "When determining whether to allow amendment to add a nondiverse party, courts consider whether the amendment was attempted in a timely fashion." Clinco, 41 F. Supp. 2d at 1083. Although Fayek did not originally name Hoffman or add her until six months after Costco removed the matter to federal court, this delay is neither unexplained nor unreasonable. Fayek asserts she did not learn Hoffman's identity until shortly before she filed the present motion. Additionally, Fayek's complaint in state court included "DOE COSTCO STORE MANAGER" as a named party. (Dkt. No. 17-2, Ex. A at 2.) This indicates Fayek intended to include the manager in the suit but did not name them until they discovered their identity. Moreover, courts have held that amendments several months after the case was removed, or even originally filed, is timely under Section 1447(e) if "no dispositive motions hadve been filed" and the "discovery completed thus far will be relevant whether the case is litigated in [federal] court or state court." Negrete v. Meadowbrook Meat Co., 2012 WL 254039, at *4-5 (C.D. Cal. Jan. 25, 2012 (citing Yang v. Swissport USA, Inc., 2010 WL 2680800, at *4 (N.D. Cal. July 6, 2010). Here, no dispositive motions have yet been filed, and no discovery has commenced. Therefore, the Court finds there has been no unexplained delay in seeking joinder.

### 4. Motive to Defeat Federal Jurisdiction

Similarly, the fourth factor weighs in favor of joinder. Courts may consider the motive of a plaintiff seeking to join a non-diverse party when determining if leave to amend should be granted. Desert Empire Bank v. Ins. Co. of N. Am., 623 F.2d 1371, 1376 (9th Cir. 1980). However, there is a presumption that a plaintiff's sole purpose is not to defeat federal jurisdiction. See Hamilton Materials, Inc. v. Dow Chemical Corp., 494 F.3d 1203, 1206 (9th Cir. 2007). Here, the Court finds no indication of a bad faith motive on the part of the plaintiff. Costco asserts that Fayek's inclusion of Hoffman, who was purportedly not the store manager but rather an assistant manager, indicates that Fayek's sole motive in adding Hoffman was to divest the court of diversity jurisdiction. (Opp'n. 10.) However, as noted above, Fayek included "DOE COSTCO STORE MANAGER" in her original complaint in state court, only including Hoffman by name when she learned it. (Dkt. No. 17-2, Ex. A at 2.) Furthermore, Fayek's decision to add

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:22-cv-01621-JVS (ADSx)　　　　　　Date  March 9, 2023

Title  Nevine Fayek v. Costco Wholesale Corporation, et al

the store manager, who foreseeably was a California citizen, in her state court complaint does not impute a bad motive.  See Oettinger v. Home Depot, 2009 WL 2136764, at *3 (N.D. Cal. July 15, 2009) ("Defendant's view of Plaintiff's motive is no more compelling than Plaintiff's explanation of her motive, and Plaintiff's preference for state court is no less honorable than Defendant's for federal court.  Thus, the Court is unwilling to impute an improper motive to Plaintiff and this factor favors Plaintiff.")

　　　　5.　　Validity of Claims Against Non-Diverse Defendant

　　The claims asserted against Hoffman are facially valid, weighing the fifth factor in favor of joinder.  See Clinco, 41 F. Supp. 2d at 1083.  Fayek has asserted claims of premise negligence and negligence against Hoffman, arising from acts and omissions taken in the course of her employment as a manager of a Costco store.  Costco contends that, because Fayek's only claims against Hoffman are based on her status as an employee of Costco, they are invalid. (Opp'n. 11-12.)  Specifically, Costco argues that California law requires it to indemnify its employees for damages "incurred by the employee" in the course of carrying out their duties.  (Id., citing Cal. Labor Code § 2802.)  However, as stated above, the fact that Costco may be liable directly for its own negligence and vicariously for the negligence of Hoffman does not prevent Fayek from naming Hoffman as a defendant.  See Franco, 2018 U.S. Dist. LEXIS 224311, at *6.

　　　　6.　　Prejudice to Plaintiff

　　Finally, Fayek would suffer substantial prejudice if the Court did not permit joinder.  As noted above, the statute of limitations has expired in this case, and Fayek would not be able to bring any action, whether in state or federal court, against Hoffman.

　　B.　　*Diversity Jurisdiction*

　　Having found a majority of the relevant factors in the Section 1447(e) analysis weigh in favor of granting Fayek's motion, the Court now examines whether such joinder would destroy complete diversity, and require remand.  The Court finds it does.

　　First, Costco is a Washington corporation with its principal place of business in Washington.  Fayek contends Washington's principal place of business must be California because 23% of its stores are in California.  (Reply 4.)  However, Fayek

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:22-cv-01621-JVS (ADSx) | Date | **March 9, 2023** |
| Title | Nevine Fayek v. Costco Wholesale Corporation, et al | | |

misunderstands the inquiry. Corporations are deemed citizens both where they are incorporated and where they have their principal place of business. See 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is typically "the place where the corporation maintains its headquarters." Hertz Corp. v. Friend, 559 U.S. 77, 93 (2010). The Court finds no basis to question the validity of Costco's showing of its principal place of business. (See Dkt. No. 1, Ex. D.) Accordingly, Costco's presence in the litigation did not initially destroy diversity, nor would it now.

Next, Hoffman is a citizen of California, and her addition to the action does destroy diversity. To determine which state an individual is a citizen of for purposes of diversity jurisdiction, the Court must examine in which state the individual is "domiciled." Lew v. Moss, 797 F.2d 747, 750 (9th Cir. 1986). "[D]omicile for purposes of diversity is determined as of the time the lawsuit is filed." Id. "[A] person is 'domiciled' in a location where he or she has established a 'fixed habitation or abode in a particular place, and intends to remain there permanently or indefinitely.'" Id. at 749-50 (quoting Owens v. Huntling, 115 F.2d 160, 162 (9th Cir. 1940)). Here, Fayek alleges, and Costco does not dispute, that Hoffman is a citizen of California.

Finally, Fayek asserts she is a citizen of California. However, although Fayek previously lived in California, she moved to New York in February 2022. (Request for Hearing, Dkt. No. 25.) Fayek filed the present action in May 2022, calling into question her domicile for purposes of diversity jurisdiction.

As noted above, "domicile for purposes of diversity is determined as of the time the lawsuit is filed." Moss, 797 F.2d at 750. "[A] person is 'domiciled' in a location where he or she has established a 'fixed habitation or abode in a particular place, and intends to remain there permanently or indefinitely.'" Id. at 749-50 (quoting Owens v. Huntling, 115 F.2d 160, 162 (9th Cir. 1940)). Courts in the Ninth Circuit take a number of factors into account when assessing an individual's domicile, although no single factor is determinative: "current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes." Id. at 750.

The majority of these factors weigh in favor of finding that Fayek's domicile is California despite her current residence being New York. Fayek attests that she has a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:22-cv-01621-JVS (ADSx) | Date | March 9, 2023 |
| Title | Nevine Fayek v. Costco Wholesale Corporation, et al | | |

California driver's license and California phone number, her automobile is registered and insured in California, and her children live in California. (Dkt. No. 31.) Additionally, she is not employed in New York, nor does she intend to be, she is not registered to vote in New York, and she goes back to California frequently. (Id.) Most importantly, Fayek intends to move back to California and does not intend to remain in New York. Accordingly, the Court finds Fayek is a citizen of California for purposes of diversity jurisdiction.

Because Fayek is also a citizen of California, complete diversity no longer exists here. See Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68 (1996) (noting that 28 U.S.C. § 1332 requires that "the citizenship of each plaintiff is diverse from the citizenship of each defendant").

### IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Fayek's motion for leave to file an amended complaint and **REMANDS** the case to the Orange County Superior Court.

**IT IS SO ORDERED.**